UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD CHARAFEDDINE, et
al.,

       Plaintiffs,

v.

CARSON FREIGHT, LLC, et al.,

       Defendants.

Case No. 24-cv-11266

Honorable Robert J. White

---

**ORDER DENYING PLAINTIFFS' OBJECTION TO DEFENDANTS'
SUPPLEMENTAL WITNESS LIST (ECF No. 31); DENYING
PLAINTIFFS' OBJECTION TO DEFENDANTS' NOTICE OF TAKING
DEPOSITION OF CORPORATE REPRESENTATIVE (ECF No. 35); AND
DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
SUPPLEMENTAL WITNESS AND EXHIBIT LIST (ECF No. 43)**

---

Plaintiffs Mohamad and Wadad Charafeddine sued Defendants Carson

Freight, LLC (Carson Freight) and Jesus Odilfo Orduno for damages arising from a

car accident involving Mr. Charafeddine and Orduno. (ECF No. 1-2, PageID.9–15).

At the time of the accident, Orduno was operating one of Carson Freight's trucks in

the course of his employment. (ECF No. 44-1, PageID.1188, 1221).  The Court

recently granted in part and denied in part Defendants' motion for summary

judgment. (ECF No. 49).

Presently before the Court are three-discovery related requests: two "objections" from Plaintiffs, (ECF No. 31; ECF No. 35), and one motion from Defendants, (ECF No. 43). Plaintiffs first objected to Defendants' supplemental witness list, dated April 18, 2025, as untimely and asked the Court to strike the list from the docket. (ECF No. 31, PageID.253). Plaintiffs then objected to Defendants' request to depose the corporate representative of MCH Auto Transport, LLC[1] (MCH Auto) under Federal Rule of Civil Procedure 30(b)(6). (ECF No. 35). Defendants moved to strike Plaintiffs' supplemental witness and exhibit list, filed on July 17, 2025, because Plaintiffs filed it after discovery closed. (ECF No. 43). For the reasons explained below, the Court will deny Plaintiffs' objections and deny Defendants' motion to strike. In doing so, the Court will reopen discovery for forty-five days.

## I.     Background

The parties' journey in federal court began on May 13, 2024, when Defendants removed the complaint. (ECF No. 1). Judge Linda V. Parker originally set the discovery deadline as December 23, 2024. (ECF No. 11). On August 13, 2024, Judge Parker transferred the case to this Court. After meeting with the parties, the Court extended the discovery deadline to February 21, 2025.

---

[1] Mr. Charafeddine owned MCH Auto and worked as a truck driver for the company. (ECF No. 44-1, PageID.1116–18). Mr. Charafeddine was MCH Auto's sole employee. (*Id.* at PageID.1119).

But on February 4, 2025, the parties filed an emergency motion to adjourn scheduling deadlines. (ECF No. 20).  The parties cited the change in defense counsel and the need for Mr. Charafeddine to complete medical examinations as the reason for the motion. (*Id.* at PageID.102).  The Court granted the motion and set discovery to end on March 24, 2025. (ECF No. 21).  About a month later, however, Defendants requested another adjournment as they awaited subpoena responses. (ECF No. 25).  Once again, the Court moved the deadline, this time to June 5, 2025.

The extra discovery time did not satiate Defendants.  Instead, Defendants moved for a third time to adjourn the scheduling order. (ECF No. 34).  Plaintiffs opposed the motion. (ECF No. 36).  The Court ultimately denied the requested relief. (ECF No. 40).  So discovery officially closed on June 6, 2025. (*Id.*). At the time the Court denied the third motion to adjourn, Plaintiffs had two pending "objections"[2] on the docket. (ECF No. 31; ECF No. 35).  After discovery ended, Plaintiffs filed a supplemental witness list on the docket, naming two new treatment providers for Mr. Charafeddine. (ECF No. 42, PageID.738).  Defendants moved to strike the Plaintiffs' supplemental witness and exhibit list as Plaintiffs filed it over a month after the discovery deadline passed. (ECF No. 43).

---

[2] Although Plaintiffs did not follow the Court's discovery protocol and styled their discovery requests as "objections," (ECF No. 13, PageID.71–72), the Court will consider them motions.

## II.   Legal Standard

"District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).  The Sixth Circuit will only intervene in a district court's decision to limit discovery "'if it was an abuse of discretion resulting in substantial prejudice.'" *Wayne v. Vill. of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Elvis Presley Enters. v. Elvisly Yours, Inc.*, 936 F.2d 889, 893 (6th Cir. 1991)).

## III.   Analysis

### A.   Plaintiffs' Objections Are Denied.

To start, the Court will deny Plaintiffs' objection to Defendants' supplemental witness and exhibit list. (ECF No. 31).  Defendants filed their supplemental witness list on April 18, 2025. (ECF No. 31, PageID.251).  Plaintiffs asked the Court to strike the list because Defendants filed it past the December 1, 2024 deadline for witness lists. (*Id.* at PageID.252).

Defendants indicated in their response that they assumed the deadline extension in early February 2025 included the deadline for witness lists. (ECF No. 32, PageID.255–56).  Because the Court ultimately extended the discovery deadline to June 5, 2025, Defendants did not act in an untimely manner; in fact, Defendants

4

filed their supplemental witness list forty-five days before the close of discovery. (*Id.* at PageID.260).

After reviewing the record thus far, the Court finds that its order granting the February 4, 2025 motion to extend is vague as to whether that extension includes the witness list deadlines. The order reads that "all discovery deadlines . . . are extended by 90 days" without clarification as to what "discovery deadlines" it applies to. (ECF No. 21, PageID.108). The Court entered the subsequent extension as a text-only order, which offered no further context. Given the ambiguity, the Court will exercise its discretion to allow the supplemental witness list.

But even if the deadline confusion did not justify the time of filing, Plaintiffs' failure to make necessary disclosures under the Federal Rules certainly did. That is, Plaintiffs did not disclose any of Mr. Charafeddine's independent medical examination (IME) doctors or the claims adjuster for Mr. Charafeddine's insurance company. (ECF No. 32, PageID.256). Plaintiffs failed to make such disclosures despite Defendants' interrogatory specifically requesting that information. (ECF No. 32-1, PageID.270). Instead, Defendants learned that Mr. Charafeddine met with multiple IME doctors, who authored reports on Mr. Charafeddine's post-accident injuries, from a subpoena issued to Mr. Charafeddine's insurance company. (ECF No. 32, PageID.256–57, 260–61). The same is true of the insurance company's claims adjustor. (*Id.* at PageID.261). And Defendants did not receive that

information until *after* the February 2025 motion to adjourn deadlines. (*Id.* at PageID.262).  Accordingly, Defendants could not have named these individuals as witnesses beforehand.  Overall, Plaintiffs' conduct excuses the Defendants' delay in filing the supplemental witness list.  Given that the newly added witnesses are relevant to the assessment of Mr. Charafeddine's injury, the Court will deny Plaintiffs' objection.

The Court will also deny Plaintiffs' objection to Defendants' Rule 30(b)(6) deposition notice.  Defendants filed the notice on June 5, 2025, the last day of discovery. (ECF No. 35, PageID.388–89).  Although the notice left no time for the deposition to occur in the discovery window, Defendants argued that Plaintiffs caused the delay by waiting until the week before discovery closed to turn over documents related to MCH Auto. (ECF No. 37, PageID.408).  The Court will not sanctify the Plaintiffs' delay in turning over discovery by granting the objection.  The deposition must proceed.

The Court will not grant Defendants' request for sanctions as this juncture, (ECF No. 32, PageID.263; ECF No. 37, PageID.414–15). Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion"); *See Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 300, 309 (E.D. Mich. 2004) (denying motions for sanctions that were filed "as a subsection of a responsive brief" and "not as separate motions").  As explained further below, if other discovery issues arise

6

during the limited period the Court reopens discovery, the Court will grant leave to seek sanctions.

**B.      Defendants' Motion to Strike Plaintiffs' Supplemental Witness List is Denied.**

Plaintiffs filed a supplemental witness list on July 17, 2025, after discovery closed. (ECF No. 42; ECF No. 43, PageID.744).  The supplemental witness list added two new treating providers for Mr. Charafeddine. (ECF No. 42, PageID.738). Defendants argued that the late disclosure of these treating providers is neither harmless nor substantially justified. (ECF No. 43, PageID.749).  And given that these witnesses "would have pertinent, factual information relative to Plaintiff's alleged injuries," Defendants need an opportunity to furnish that information to their experts for consideration. (*Id.*).  As a result, the Court must strike the list from the docket. In response, Plaintiffs indicated that Mr. Charafeddine consulted with these treating providers for the first time after the discovery window closed. (ECF No. 45, PageID.1348–49).  Accordingly, Plaintiffs did not omit information about these providers in its discovery responses.  Likewise, by filing a supplemental witness list, Plaintiffs acted in accordance with the strictures of Rule 26(e).

As stated in Federal Rule of Civil Procedure 37(c)(1), a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  The Sixth Circuit held the

7

following five factors are relevant to the Court's assessment of whether an omitted or late disclosure is substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citation omitted).

After weighing the factors, the Court disagrees with Defendants and finds the late disclosure substantially justified.  To begin, Rule 26(e) mandates that any party that has made a disclosure under Rule 26(a), or otherwise responded to an interrogatory,  request for production, or request for admission, "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete."  Defendants' interrogatories called for all of Mr. Charafeddine's treating providers. (ECF No. 43-1, PageID.782).  So even though the discovery window passed, Mr. Charafeddine had an obligation to update Defendants on his treating provides per Rule 26(e).

Although the new treatment providers surprised Defendants, (ECF No. 43, PageID.749), the Court will rectify the situation by reopening discovery for a limited time period.  The reopening of discovery will also mitigate any trial disruptions.  In addition, the evidence is plainly relevant to the nature and extent of Mr. Charafeddine's injuries and thereby important to both Plaintiffs' case and the

8

Defendants' defense.  Finally, Plaintiffs gave a sufficient reason for the delay in disclosure.  The Court will therefore deny Defendants' motion.

### C.      The Court Will Reopen Discovery for Forty-Five Days Only.

To effect the rulings, the Court will reopen the discovery period for forty-five days from the date of this Order.  The parties are instructed to use that time to resolve anything outstanding based on the Court's order.   The Court also orders that Defendants are allowed to take the Rule 30(b)(6) deposition of MCH Auto.

The Court will not extend discovery further after the forty-five days pass. The Court will set a status conference forty-five days from the date of this order.  At the status conference, the Court will set the trial date.  To reiterate, there will be no more discovery extensions.

The Court reminds the parties that justice requires the issues to be decided on the merits.   The parties should not obstruct the pursuit of justice by gaming discovery.   That means the parties should not stall in scheduling depositions or producing discovery in response to a subpoena.  The parties are instructed to act in a timely fashion.  If the parties do not, the Court grants leave to move for sanctions.

* * *

For the reasons given, the Court **ORDERS** that Plaintiffs' objection to Defendants' supplemental witness list (ECF No. 31) is **DENIED**.

The Court **FURTHER ORDERS** that Plaintiffs' objection to Defendants' notice of taking deposition of corporate representative (ECF No. 35) is **DENIED**.

The Court **FURTHER ORDERS** that Defendants' motion to strike Plaintiffs' supplemental witness and exhibit list (ECF No. 43) is **DENIED**.

The Court **FURTHER ORDERS** that discovery is reopened for forty-five days from the date of this order. The Court will not grant any further extensions.


Dated: March 13, 2026                    s/Robert J. White
                                         Robert J. White
                                         United States District Judge