UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD CHARAFEDDINE, et al.,

      Plaintiffs,

v.

CARSON FREIGHT, et al.,

      Defendants.

Case No. 24-cv-11266

Honorable Robert J. White

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' SECOND RE-NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF CARSON FREIGHT, LLC (ECF No. 52) AND DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING REMAINING FACT WITNESS DEPOSITIONS (ECF No. 53)**

---

Defendants Carson Freight, LLC (Carson Freight) and Jesus Odilfo Orduno moved for protective orders based on Plaintiffs'[1] deposition notices. (ECF No. 52; ECF No. 53). Defendants' first motion requested the Court strike certain topics and limit the scope of Carson Freight's Federal Rule of Civil Procedure 30(b)(6) deposition. (ECF No. 52). The second motion asked the Court to limit the scope of remaining fact witness depositions to relevant claims and defenses and preclude

---

[1] The Plaintiffs are Mohamad and Wadad Charafeddine. The two are husband and wife. (ECF No. 1-2, PageID.14–15).

inquiries into irrelevant topics. (ECF No. 53, PageID.1636).  For the reasons that follow, the Court will grant in part and deny in part the Defendants' motion for a protective order regarding the Rule 30(b)(6) deposition, (ECF No. 52), and will deny Defendants' motion for protective order regarding remaining fact witness depositions, (ECF No. 53).

The Court previously granted in part and denied in part Defendants' summary judgment motion. (ECF No. 49).  The Court's summary judgment order disposed of Plaintiffs' direct negligence claim against Carson Freight. (*Id.* at PageID.1567–70).  As a result, only Plaintiffs' vicarious liability claim remains. (*Id.* at PageID.1570).  That claim requires Plaintiffs to show (1) Orduno acted negligently on the day of the accident and (2) Mr. Charafeddine sustained a threshold injury under Mich. Comp. Laws § 500.3135. (ECF No. 52, PageID.1583).  Following its ruling on the summary judgment motion, the Court reopened discovery for forty-five days so the parties could resolve any outstanding issues. (ECF No. 50, PageID.1579).

In that forty-five-day window, Plaintiffs sent a second re-notice of Carson Freight for a Rule 30(b)(6) deposition. (ECF No. 52-1, PageID.1602).  Defendants did not object to the taking of Carson Freight's 30(b)(6) deposition generally.  Rather, Defendants asked the Court to strike topics 1(b), 1(c), and 1(d) in the notice and limit the overall scope of the deposition to "matters relevant to the claims and defenses that remain following" the Court's summary judgment order. (ECF No. 52,

2

PageID.1585).  Topics 1(b)–(d) indicated Plaintiffs would ask about "[a]ll policies, procedures, protocols and customs" that Carson Freight had pertaining to "assisting employees involved in lawsuits," "screening prospective truck drivers," and "screening Jesus Odilfo Orduno." (ECF No. 52-1, PageID.1603).   Defendants argued those topics were exclusively focused on Plaintiffs' already-dismissed direct negligence claim and had no bearing on the vicarious liability claim. (ECF No. 52, PageID.1595).

Defendants moved separately to limit the scope of the two outstanding fact witness depositions to "claims and defenses still in this case." (ECF No. 53, PageID.1622).  The motion also requested the Court preclude any "inquiry into Defendants' policies, procedures, protocols, customers, or practices for hiring, screening, training, supervising, or retaining drivers (including Defendant Jesus Odilfo Orduno), and into Defendants' policies, protocols, procedures, customs, or practices for assisting employees involved in lawsuits." (*Id.* at PageID.1623).

The Court will grant the motion for a protective order for the Rule 30(b)(6) deposition in part. (ECF No. 52).  Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to matters "relevant to any party's claim or defense and proportional to the needs of the case."  Rule 26(c) authorizes the Court to issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."   The movant "bears the burden of

3

showing good cause for a protective order." *Saeed v. TTI Consumer Power Tools, Inc.*, 348 F.R.D. 83, 87 (E.D. Mich. 2024). And "courts enjoy 'broad discretion to decide when a protective order is appropriate and what degree of protection is required.'" *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Since Topics 1(b), 1(c), and 1(d) pertain to a claim the Court already dismissed, they are unlikely to reveal any information relevant to the remaining claim. Plus, the burden on Carson Freight to prepare to answer such questions is disproportionate to the value of those questions. In doing so, the Court will deny the request to adjourn the deposition. Likewise, the Court will decline to limit the scope of Carson Freight's Rule 30(b)(6) deposition to matters relevant to the remaining claims and defense; that limitation is obvious from the face of Rule 26. The parties are welcome to contact the Court during the deposition to decide issues of relevancy as they come up.

Accordingly, the Court will deny Defendants' motion for protective order regarding remaining fact witness depositions. (ECF No. 53). The Federal Rules limit discovery based on relevancy and proportionality. The Court expects the parties to follow the rules. Until specific discovery is sought through the fact witness depositions, the Court will refrain from proclaiming what is or is not allowed.

\* \* \*

For the reasons given, the Court **ORDERS** that the motion for protective order regarding Plaintiffs' second re-notice of Fed. R. Civ. P. 30(b)(6) deposition of Carson Freight, LLC (ECF No. 52) is **GRANTED IN PART AND DENIED IN PART**.

The Court **FURTHER ORDERS** that the motion for protective order regarding remaining fact witness depositions (ECF No. 53) is **DENIED**.

Dated: April 21, 2026                              s/Robert J. White
                                                              Robert J. White
                                                              United States District Judge

5