UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD CHARAFEDDINE, et al.,

     Plaintiffs,

v.

CARSON FREIGHT, LLC, et al.,

     Defendants.

Case No. 24-cv-11266

Honorable Robert J. White

---

**ORDER DENYING DEFENDANTS' MOTION TO DEEM MATTERS ADMITTED (ECF No. 60)**

---

Defendants Carson Freight, LLC (Carson Freight) and Jesus Odilfo Orduno moved for the Court to enter an order deeming the matters set forth in Defendants' First and Second Set of Requests for Admission to Plaintiffs Mohamad and Wadad Charafeddine be admitted as true. (ECF No. 60). Plaintiffs opposed Defendants' motion. (ECF No. 62). For the reasons explained below, the Court will deny Defendants' motion.

## I. Background

Mohamad and Wadad Charafeddine sued Defendants for damages arising from a car accident involving Mr. Charafeddine and Orduno. (ECF No. 1-2, PageID.9–15). At the time of the accident, Orduno was operating one of Carson

Freight's trucks in the course of his employment. (*Id.* at PageID.10).  Trial is set to begin on July 14, 2026. (ECF No. 59).

On March 13, 2026, the Court resolved several pending discovery motions. (ECF No. 50).  In that order, the Court denied the Plaintiffs' objection to Defendants' supplemental witness and exhibit list and to Defendants' Rule 30(b)(6) deposition notice. (*Id.* at PageID.1574, 1576).  The Court also denied the Defendants' motion to strike the Plaintiffs' supplemental exhibit list. (*Id.* at PageID.1577).  Because the Plaintiffs' supplemental exhibit list named treating providers outside of the discovery window, the Court reopened discovery to allow Defendants to address the new treating providers. (*Id.* at PageID.1578).  The Court further ordered that Defendants were allowed to take the Rule 30(b)(6) deposition of MCH Auto Transport, LLC, the company Mr. Charafeddine owned and worked for at the time of the accident. (*Id.* at PageID.1579).

The Court reopened discovery for forty-five days from the date of its order. (*Id.*).  In doing so, the Court stated clearly that it would not extend discovery again. (*Id.*).  Additionally, the Court explained that it reopened discovery to "effect the rulings" in the order and instructed the parties to use the forty-five days "to resolve anything outstanding based on the Court's order." (*Id.*).

The discovery window closed on April 27, 2026. Before then, on April 12, 2026 and April 22, 2026, Defendants served two separate requests for admission on Plaintiffs. (ECF No. 60-1; ECF No. 60-2).  On May 5, 2026, Plaintiffs served responses to both sets of requests for admission. (ECF No. 60-4).  Plaintiffs objected to both sets of requests for admission in their responses. (*Id.*).  Plaintiffs claimed that the requests were "improper" because "discovery was closed." (*Id.* at PageID.1778, 1791).  Plaintiffs' responses did not substantively admit nor deny any of the requests for admission.

## II.    Analysis

Defendants asked the Court to deem the matters set forth in Defendants' first and second set of requests for admission as true because Plaintiffs' responses failed to comply with the substantive requirements of Federal Rule of Civil Procedure 36. (ECF No. 60, PageID.1718).  Likewise, Defendants claimed that because the Court did not limit the type of discovery the parties could seek in the forty-five-day window, the requests for admission were proper. (*Id.* at PageID.1721).

The Court will deny the motion for the following reasons: (1) Defendants did not comply with the Court's case management requirements in filing its motion and (2) Defendants' requests for admission were untimely.  First, Defendants did not follow the Court's instructions regarding its discovery dispute protocol.  Defendants filed its motion without meeting and conferring with Plaintiffs and without

3

scheduling a conference with the Court. (ECF No. 13, PageID.71–72).  Because the Court requires the parties take these steps before filing discovery motions, Defendants' motion is improper.

Even if Defendants complied with the Court's case management requirements, their requests for admission are still untimely.  Federal Rule of Civil Procedure 36(b) gives parties thirty days to respond to requests for admission.  Here, Defendants did not serve their first set of requests for admission until fifteen days before the discovery deadline closed. (ECF No. 60-1).  And Defendants did not serve their second set of requests for admission until five days before the deadline. (ECF No. 60-2).  Considering the information requested would not be due for "weeks after the expiration" of the discovery deadline, Plaintiffs did not have sufficient time to respond within that window. *Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 513 (S.D. Ohio 2018).  Plus, the Court made it clear that discovery was to close, full stop, after forty-five days.  Accordingly, the Court finds that the requests for admission were not served in a timely fashion.

4

\* \* \*

For the reasons given, the Court **ORDERS** that the motion to deem matters admitted (ECF No. 60) is **DENIED**.

Dated: June 29, 2026

s/Robert J. White
Robert J. White
United States District Judge